# EXHIBIT A

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into this 19th day of November 2015 (the "Execution Date"), by and among Defendants Oltrin Solutions, LLC, Trinity Manufacturing, Inc., and JCI Jones Chemicals, Inc. (together "Defendants") and Plaintiff Grand Strand Water & Sewer Authority (the "Plaintiff"), who has filed suit as representative of a class of similarly-situated direct purchasers of bulk bleach ("Bulk Bleach"), as more specifically defined below. Plaintiff enters into this Settlement Agreement both individually and on behalf the direct purchasers it seeks to represent (the "Settlement Class" defined below).

WHEREAS, Plaintiff is prosecuting the above-captioned action (the "Class Action") on its own behalf and on behalf of the Settlement Class against the Defendants;

WHEREAS, Plaintiff alleges, among other things, that Defendants participated in an unlawful conspiracy to allocate markets for Bulk Bleach in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*;

WHEREAS, Defendants deny Plaintiff's allegations, deny that they engaged in any wrongdoing of any kind, or that they violated or breached any law, regulation, or duty owed to the Plaintiff and the Settlement Class, and further deny that they have liability as a result of any and all allegations made by Plaintiff;

WHEREAS, Plaintiff and Defendants have engaged in extensive discovery regarding the facts pertaining to Plaintiff's claims and Defendants' defenses;

WHEREAS, Plaintiff has thoroughly analyzed the facts and the law regarding the Class Action and has concluded that a settlement with Defendants at this time according to

1

the terms set forth below is fair, adequate and reasonable, and in the best interest of Plaintiff and the Settlement Class;

**WHEREAS,** Defendants have concluded, despite their belief that they have good defenses to the claims asserted, that they will enter into this Settlement Agreement in order to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation;

**WHEREAS,** arm's-length settlement negotiations have taken place between counsel for Plaintiff and Defendants, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Defendants and Plaintiff, both individually and on behalf of the Settlement Class, has been reached as a result of the parties' negotiations, subject to approval of the Court; and

**WHEREAS,** the Parties further agree that the Agreement, the fact of this Settlement, any of the terms in the Agreement, and any documents filed in support of the Settlement shall not constitute, or be offered, received, or construed as, an admission, finding, or evidence of (i) wrongdoing, (ii) violation of any statute or law, (iii) liability on the claims or allegations in the Class Action on the part of any Released Parties, or (iv) the propriety of certifying a litigation class in the Actions or any other proceeding, and shall not be used by any Person for any purpose whatsoever in any legal proceeding, including but not limited to arbitrations, other than a proceeding to enforce the terms of the Agreement.

**NOW, THEREFORE,** in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Class Action be settled, compromised, and dismissed on the merits

2

with prejudice as to the Defendants only, without payment of costs as to Plaintiff, the Settlement Class, or Defendants, subject to the approval of the Court, following notice to the Settlement Class, on the following terms and conditions:

**Definitions**

The following terms, as used in this Settlement Agreement, shall have the following meanings:

a.    "Action" means the instant individual and representative action captioned *Grand Strand Water & Sewer Authority v. Oltrin Solutions, LLC; JCI Jones Chemicals, Inc.; Olin Corporation; and Trinity Manufacturing, Inc.*, Master Docket No. 4:14-cv-2800-RMG, pending in the United States District Court for the District of South Carolina.

b.    "Bulk Bleach" means sodium hypochlorite in concentrations of no less than 10%.

c.    "Claims Administrator" means that person or firm engaged by Plaintiff to administer the settlement, including but not limited to disseminating notice, receiving claims and disbursing the Settlement Fund.

d.    "Class Action" means the Action.

e.    "Class Counsel" refers to Cera LLP and Cohen Milstein Sellers & Toll, PLLC.

f.    "Class Member" means any person or entity falling within the definition of "Settlement Class".

g.    "Class Period" means the period from and including March 19, 2010 up to and including March 31, 2013.

h.    "Class Representative" refers to Grand Strand Water & Sewer Authority.

3

i.      "Court" or "District Court" means the United States District Court for the District of South Carolina.

j.      "Defendants" means Oltrin Solutions, LLC, Trinity Manufacturing, Inc., and JCI Jones Chemicals, Inc. and their respective past and present parents, members, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, assigns, servants, and representatives (and the parents', members', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, assigns, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

k.      "Effective Date" means the first date after which all of the following events and conditions have been met or have occurred:

1.      All parties have executed this Settlement Agreement;

2.      The Court has preliminarily approved the Settlement Agreement and granted the motion for final approval after providing notice to the Settlement Class as defined herein;

3.      . The Court has entered a Final Judgment; and

4.      The Final Judgment has become final as determined herein.

l.      "Escrow Account" means that escrow account to be established with a bank or trust company pursuant to the terms and conditions of the Escrow Agreement.

m.      "Escrow Agent" means the bank or trust company that agrees to establish and maintain the Escrow Account pursuant to the terms of the Escrow Agreement.

n.      "Escrow Agreement" means an escrow agreement in a form mutually satisfactory to Plaintiff and Defendants.

4

o.    "Execution Date" means November 19, 2015.

p.    "Final Judgment" means a final order approving the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure together with entry of a final judgment dismissing the Class Action and all claims therein against Defendants with prejudice as to all Settlement Class Members.

q.    "Preliminary Approval Motion" means a motion requesting entry of an Order in form and substance mutually satisfactory to Plaintiff and Defendants preliminarily approving the settlement and, authorizing dissemination of notice to the Settlement Class and scheduling a hearing for final approval of the settlement and for an award of attorneys' fees, reimbursement of costs, and an incentive award to the Class Representative.

r.    "Released Claims" means those claims released pursuant to Paragraph 9 of this Settlement Agreement.

s.    "Releasees" refers jointly and severally, individually and collectively to Defendants as defined in paragraph j above.

t.    "Releasors" refers jointly and severally, individually and collectively to Plaintiff and Settlement Class Members, and their respective past and present parents, members, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and the parents', members', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

5

u.    "Settlement Agreement" means this Settlement Agreement and Release, dated November 19, 2015.

v.    "Settlement Amount" means the sum of Two Million Two Hundred Thousand Dollars ($2,200,000) as set forth in Paragraph 12 below, payable in lawful money of the United States.

w.    "Settlement Class" or "Settlement Class Members" means all persons that purchased Bulk Bleach in North Carolina or South Carolina directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures, from March 19, 2010 through March 31, 2013.  Excluded from the Settlement Class are Defendants and any direct purchaser of Bulk Bleach in North Carolina and South Carolina between March 19, 2010 and March 31, 2013 who has previously entered into a settlement releasing their claims under federal antitrust law against Defendants based on the conduct alleged in the Class Action.  Defendants have identified such persons or entities on Exhibit A hereto.

x.    "Settlement Fund" means the Settlement Amount and any interest earned on that amount.

y.    "Settling Parties" means Plaintiff and Defendants.

**Class Certification**

1.    Solely for purposes of the Settlement, Plaintiff and Defendants stipulate and agree to (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of Plaintiff as Class Representative; and (c) appointment of Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Such stipulation and agreement shall not constitute

6

any admission or acknowledgement by Defendants that certification of a class for trial or for any other purpose is appropriate.

**Approval of this Settlement Agreement and Dismissal of Claims**

2.      Plaintiff and Defendants shall use their best efforts to effectuate this Settlement Agreement, and shall cooperate to promptly seek and obtain the Court's preliminary and final approval of this Settlement Agreement (including cooperating to provide class notice under Federal Rules of Civil Procedure 23 (c) and (e)) and to secure the prompt, complete, and final dismissal with prejudice of the Class Action as to Defendants.

3.      Plaintiff shall at its discretion retain a Claims Administrator, which shall be responsible for the claims administration process, distribution to Settlement Class Members, withholding and paying applicable taxes, and other duties as provided herein. The fees and expenses of the Claims Administrator shall be paid exclusively out of the Settlement Fund.  In no event shall Defendants be separately responsible for fees or expenses of the Claims Administrator.

4.      Within ten (10) business days after the Execution Date, Plaintiff shall submit to the Court and Defendants shall not object to a motion requesting entry of an Order in form and substance mutually satisfactory to Plaintiff and Defendants preliminarily approving the settlement, authorizing dissemination of notice to the Settlement Class, and scheduling a hearing for final approval of the settlement, (the "Preliminary Approval Motion").  Additionally, in the discretion of Class Counsel, Plaintiff may seek an award of attorneys' fees, reimbursement of costs and an incentive award to the Class Representative, payable exclusively out of the Settlement Fund.  The Preliminary Approval Motion shall include the proposed form of, method for, and

7

timetable for dissemination of notice to the Settlement Class. Unless otherwise directed by
the Court, individual notice of the settlement shall be mailed and/or e-mailed to Settlement
Class Members, excepting those who have previously settled their claims against
Defendants as identified on Exhibit A hereto.

     5.    Any Settlement Class Member may request exclusion from the Settlement
Class by "opting out." Settlement Class Members who wish to opt out of the Settlement
Class must timely submit to the Claims Administrator a request for exclusion in writing.
To be effective, such requests for exclusion must state: the Settlement Class Member's full
legal name and address; that the Settlement Class Member purchased Bulk Bleach directly
from one or more of the Defendants during the Class Period in North Carolina and South
Carolina and a statement that the Settlement Class Member (1) wants to be excluded from
the Action and the class action settlement with Defendants and (2) understands that by so
doing, the Settlement Class Member will not be able to get any money or benefits from the
settlement with Defendants in this case.  All requests for exclusion must be signed and
dated by the Settlement Class Member or its officer or legal representative, and be (1)
mailed to the Claims Administrator via First Class United States Mail and postmarked by a
date certain to be specified on the Notice, which will be 30 calendar days after the Claims
Administrator makes the initial mailing of the Notice or (2) received by the Claims
Administrator by that date.

     6.    Defendants shall, in their sole discretion, have the option to terminate this
Settlement Agreement, in its entirety and without liability of any kind, and thus prevent the
Effective Date, if in their judgment the aggregate purchases in U.S. Dollars of Bulk Bleach
in North Carolina and South Carolina from the Defendants from March 19, 2010 through

March 31, 2013, made by those Class Members who timely and validly exclude themselves from this settlement, within the time and in the manner as specified by the Court, exceed an amount agreed to by Plaintiff and Defendants in the confidential Supplemental Agreement that has been executed separately by Plaintiff and Defendants. Plaintiff and Defendants will, as required, submit the confidential Supplemental Agreement to the Court for *in camera* review.

7.    Plaintiff shall submit a motion for final approval of the Settlement by the Court, after notice to the Settlement Class of the fairness hearing, and shall seek entry of a final order or orders in form and substance mutually satisfactory to Plaintiff and Defendants:

    a.    finding that the Court has personal jurisdiction over the Class Representative and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement;

    b.    approving finally this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

    c.    finding that the notice given constitutes due, adequate and sufficient notice, and meets the requirements of due process and applicable law;

    d.    directing that the Class Action be dismissed with prejudice and, except as provided for in this Settlement Agreement, without fees or costs;

    e.    providing for incentive payments from the Settlement Fund (as defined herein) to the Plaintiff, in addition to whatever monies it will receive from the Settlement Fund pursuant to the Court-approved Plan of Allocation;

    f.    reserving continuing exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration, interpretation and consummation of this settlement, to the District Court;

9

g.      providing for payment of reasonable attorneys' fees and reimbursement of expenses from the Settlement Fund (as defined herein);

h.      setting forth the method for allocating the Settlement Fund (as defined herein); and

i.      finding under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Defendants shall be final and entered forthwith.

8.      This Settlement Agreement shall become final only upon:  (a) the entry by the Court of a final order approving the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure together with entry of a final judgment dismissing the Class Action and all claims therein against Defendants with prejudice as to all Settlement Class Members (the "Final Judgment"), and (b) the expiration of the time for appeal or to seek permission to appeal from the Court's approval of the Settlement Agreement and entry of the Final Judgment or, if an appeal from an approval and Final Judgment is taken, the affirmance of such Final Judgment in its entirety, without modification, by the court of last resort to which an appeal of such Final Judgment may be taken, provided, however, a modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund or any plan of allocation or distribution of the Settlement Fund shall not be deemed a modification of all or part of the terms of this Settlement Agreement or the Final Judgment (the "Effective Date").  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

**Release and Discharge**

9.      In addition to the effect of the Final Judgment entered in accordance with this Settlement Agreement, upon the occurrence of the Effective Date and in consideration

of payment of the Settlement Amount specified in Paragraph 12 of this Settlement

Agreement, the Releasees shall be completely released, acquitted, and forever discharged

from any and all claims, demands, actions, suits, and causes of action, whether class,

individual, or otherwise in nature, damages whenever incurred, liabilities of any nature

whatsoever, including costs, expenses, penalties, and attorneys' fees that Releasors, or any

one of them, whether directly, representatively, derivatively, or in any other capacity, ever

had, now have, or hereafter can, shall, or may have against the Releasees, whether known

or unknown, relating in any way to any conduct by Releasees alleged in the Class Action,

including the claims that were or could have been asserted in the Class Action, including

any claims related to the March 2010 Oltrin-JCI agreement and any antitrust or unfair

competition claim related to sales or distribution of Bulk Bleach generally, during the Class

Period, and any joint and several liability arising from the conduct of any of the Defendants

in the Class Action prior to the Effective Date, arising under or relating to any federal or

state antitrust laws, unfair competition, unfair practices or trade practice laws, civil

conspiracy, or common law or statutory fraud claims concerning the purchase, pricing,

selling, discounting, marketing, manufacturing and/or distributing of Bulk Bleach in North

Carolina and South Carolina (the "Released Claims"). The Released Claims also include,

but are not limited to, all claims asserted or which could have been asserted in the Class

Action relating to or arising out of the facts, occurrences, transactions, statements, or other

matters alleged in the Class Action. However, nothing herein shall be construed to release

any claim relative to any product defect, breach of warranty, breach of contract, claims

under the Uniform Commercial Code or product performance claims between Settlement

Class Members and Defendants relating to Bulk Bleach or any claim for personal or bodily

11

injury.  The Releasors agree that they shall not, after the Effective Date of this Settlement

Agreement, assert any claim or commence or prosecute any proceeding seeking to recover

against any of the Releasees for any of the Released Claims.  Releasors and Class Counsel

acknowledge that they and Defendants each consider it to be a material term of this

Settlement Agreement that all Releasors will be bound by the provisions of this paragraph.

Upon the Effective Date, Releasees waive and relinquish as against Releasors any rights

pursuant to arbitration agreements, forum selection clauses, and/or jury waiver clauses

with respect to the claims released pursuant to this paragraph.  Claimants on the Settlement

Fund shall execute a release of the Releasees as provided for in this paragraph as a

condition precedent to receipt of any part of the Settlement Fund, but the failure of any

Claimant to execute such a release shall not in any way affect the validity of the release

provided in this paragraph, and they shall nonetheless be bound by the terms of such

release.  Further, the failure of any Releasor to make a claim on the Settlement Fund shall

not affect the validity and effectiveness of the release provided in this paragraph as to that

Releasor.

        10.     Plaintiff waives California Civil Code Section 1542 and similar provisions

in other states.  Plaintiff certifies that it is aware of the following provisions of California

Civil Code Section 1542 ("Section 1542"):

> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his favor at the
> time of executing the release, which if known by him must
> have materially affected his settlement with the debtor.

        11.     The provisions of the release set forth above shall apply according to their

terms, regardless of provisions of Section 1542 or any equivalent, similar, or comparable

present or future law or principle of law of any jurisdiction.  Plaintiff hereby expressly

waives and relinquishes any and all rights and benefits existing under (i) Section 1542 or

any equivalent, similar, or comparable present or future law or principle of law of any

jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or

restrict the effect or scope of the provisions of the release set forth above.

## Settlement Consideration: Payment

12.    Subject to the provisions hereof, and in full, complete, and final settlement

of the Class Action as provided herein, by no later than January 4, 2016, Defendants agree

to place in escrow for the benefit of Plaintiff and the Settlement Class Members

$2,200,000. Class Counsel shall provide complete wiring instructions to Defendants at

least five (5) business days prior to the last date by which they are to fund their respective

portion of the settlement. The Settlement Amount of $2,200,000 is an "all in" number

which includes, without limitation, all monetary benefits and payments to the Settlement

Class, and any incentive award, attorneys' fees and expenses, escrow fees, taxes, tax

expenses, and all other costs and expenses relating to the Settlement (including, but not

limited to, administration costs and expenses, notice costs and expenses, and settlement

costs and expenses). Under no circumstances will the Defendants be required to pay

anything more than the Settlement Amount in connection with this Settlement. In no event

shall any of the Defendants be liable for making any payments under this Settlement, or for

providing any relief to Settlement Class Members, before the deadlines set forth in this

Agreement.

## Settlement Fund

13.    Each Settlement Class Member shall look solely to the Settlement Fund for

settlement and satisfaction, as provided herein, of all claims released by the Releasors.

Except as provided by order of the Court, upon finally approving and giving effect to the Settlement Agreement, no Settlement Class Member shall have any interest in the Settlement Fund or any portion thereof.

14.    Before the Effective Date, disbursements for expenses associated with providing notice of the settlement to the Settlement Class, reasonable and necessary expenses associated with administering the settlement, not to exceed $25,000, and any payments and expenses incurred in connection with taxation matters relating to the settlement and this Settlement Agreement may be made from the Settlement Fund, and such amounts shall not be refundable to Defendants in the event the Settlement Agreement is disapproved, rescinded, or the Effective Date does not occur.

15.    All payments into the Escrow Account shall, when made, be invested in instruments secured by the full faith and credit of the United States and any interest earned thereon shall become part of the Settlement Fund.  Interest earned on the Settlement Fund as may reasonably be needed to pay current expenses associated with providing notice to the Settlement Class and administering the Settlement Fund may be paid from the Escrow Account.

16.    Defendants shall not have any responsibility, financial obligation, or liability with respect to the investment, distribution, use, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, or administration, except as otherwise provided in this Settlement Agreement. Defendants shall likewise have no responsibility for the allocation or distribution of the Settlement Amount and shall not be responsible or otherwise liable for any disputes relating to the amount, allocation, or distribution of any fees, costs, or awards.  Further,

after making the payment described in Paragraph 12 of this Settlement Agreement, Defendants shall not be liable for any additional payments to the Settlement Class Members or Class Counsel pursuant to this Settlement Agreement.

17.    After the Effective Date, the Settlement Fund shall be distributed in accordance with a Plan of Allocation that Class Counsel shall submit at the appropriate time for approval by the Court.

18.    Plaintiff and Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all costs, fees and expenses including, but not limited to, attorneys' fees; litigation expenses (including, but not limited to, experts' and consultants' fees and expenses); the costs of giving notice of this settlement to the Settlement Class; and any incentive award to the Class Representative, which costs, fees and expenses may be subject to approval of the Court.

19.    Defendants agree not to oppose or object to any application to the Court by Class Counsel for an award of attorneys' fees, and reimbursement of costs and expenses incurred in the prosecution of these Class Action, or for any application to the Court for approval of an incentive award to the Class Representative.  Class Counsel shall have sole authority to determine the allocation of attorneys' fees awarded by the Court.

20.    Disbursement of such fees, costs, and expenses, pursuant to Paragraph 19, as ordered by the Court, shall not be delayed by reason of any appeal of the Final Judgment; provided, however, if the Court's award of fees, costs, and expenses is vacated, reversed, or reduced on or as a result of an appeal, Class Counsel shall within five (5) business days after receiving written notice from the Court of such vacatur, reversal, or reduction, make a refund to the Escrow Account in the amount of such vacatur, reversal, or

reduction with interest, and further provided that if Plaintiff and/or Defendants elect to

rescind the Settlement Agreement as described in Paragraph 23 below, Class Counsel shall

within ten (10) business days after giving notice to or receiving notice from Defendants of

such rescission, make a refund to the Escrow Account in the amount of any such fees,

costs, and expenses with interest. The interest rate applicable to any refund made to the

Escrow Account pursuant to this Paragraph shall be same interest rate earned by the

Settlement Fund during the period between the payment of approved attorneys' fees, costs,

and expenses and any such refund.

**Disbursement of the Settlement Fund**

21.    If the Settlement Agreement becomes final and effective pursuant to the

provisions of Paragraph 8 herein, the Settlement Fund shall be disbursed as follows, or as

otherwise ordered by the Court.

      a.    Prior to the Effective Date of this Settlement Agreement:

          i.    Any fees and expenses incurred in administering the escrow account and the Settlement Fund shall be paid from the Settlement Fund. The costs of Settlement Notice and administration of the Settlement Agreement and Settlement Fund shall be paid by the Escrow Agent to the Claims Administrator with notice of such payments provided to counsel for the Settling Parties;

          ii.    Disbursements for the payment of any taxes (including any estimated taxes, interest or penalties) due, as a result of income earned by the Settlement Fund, shall be made promptly by the Escrow Agent with notice of such disbursements provided to counsel for the Parties;

          iii.    An amount of cash, not to exceed $25,000, shall be made available to Class Counsel out of the Settlement Fund for purposes of defraying the actual cost of Settlement Notice and related administrative costs; and

          iv.    One-half of the attorneys' fees and all expenses and costs approved by the Court may be distributed to Class Counsel from

16

the Settlement Fund within five (5) days of an order approving attorneys' fees and expenses, provided, however, that in the event that the order(s) approving the fee and expense award is reversed or modified on appeal, and in the event that counsel for the Plaintiff (or any of them) has received payment, such counsel shall, within five (5) business days of the date which the fee and expense award is modified or reversed, refund to the Settlement Fund the fees and expenses previously received by them in full (less costs of notice) or in any amount consistent with such reversal or modification, plus the interest earned thereon through the date of such refund. The remaining one-half of the attorneys' fees may be distributed after the Effective Date.

b.     After the Effective Date of this Settlement Agreement:

i.     Disbursements for the payment of any taxes (including any estimated taxes, interest or penalties) due as a result of income earned by the Settlement Fund shall be made promptly by the Escrow Agent with notice of such disbursements provided to counsel for the Settling Parties;

ii.    Any incentive award ordered by the Court for services rendered to the Settlement Class by Plaintiff as set forth in the proposed notice forms ordered by the Court shall be paid to Plaintiff from the Settlement Fund; and

iii.   The balance of the Settlement Fund, after the payment of attorneys' fees, costs, and expenses, taxes, incentive awards, costs of notice and administration of the Settlement and Settlement Fund, and pursuant to the procedures set forth in a Plan of Allocation shall be distributed to Settlement Class members who submit timely claims that are accepted by Class Counsel and the Claims Administrator ("Authorized Claimants") in accordance with the applicable procedures as approved by the Court.

22.    In the event monies remain as residue in the Settlement Fund following all distribution efforts approved by the Court, Class Counsel shall move the Court for an order disposing of all such funds, including additional possible distributions to approved Settlement Class claimants and/or *cy pres* distribution as approved by the Court.

17

**Rescission if the Settlement Agreement is Not Finally Approved**

23.    If the Court declines to approve this Settlement Agreement, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Judgment, or if the Court enters the Final Judgment and appellate review is sought and, on such review, such Final Judgment is not affirmed, then Defendants and the Plaintiff shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement in its entirety by ten (10) business days written notice to the undersigned counsel, by personal delivery, email, or by overnight courier.  Upon such notice, any and all amounts constituting the Settlement Fund (including, but not limited to, any fees, costs, and/or expenses advanced to Class Counsel pursuant to Paragraphs 20 and 21 above) shall be returned forthwith to Defendants, except for any disbursements made or incurred in accordance with Paragraphs 14 and 21.a.iii of this Settlement Agreement.  In such event, the Escrow Agent shall disburse the Settlement Fund to Defendants in accordance with this Paragraph within fifteen (15) business days after receipt of either (i) written notice signed by counsel for Defendants and Class Counsel stating that this Settlement Agreement has been canceled or terminated, or (ii) any order of the Court so directing.  If the Settlement Agreement is rescinded, canceled, or terminated pursuant to this Paragraph, any obligations pursuant to this Settlement Agreement (other than disbursement of the Settlement Fund to Defendants as set forth above) shall cease immediately and the Settlement Agreement shall not be offered in evidence or used in any litigation for any purpose.  A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund or any plan of allocation or

18

distribution of the Settlement Fund shall not be deemed a modification of all or part of this Settlement Agreement or the Final Judgment.

24.    The parties agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations made in the Class Action, and evidence thereof shall not be admissible or used directly or indirectly in any other action or proceeding, except an action to enforce or interpret the terms of the Settlement Agreement.  The parties expressly reserve all of their rights if the settlement does not become final in accordance with the terms of this Settlement Agreement.

**Taxes**

25.    Class Counsel shall be solely responsible for directing the Claims Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Fund.  Further, Class Counsel shall be solely responsible for directing the Escrow Agent to take out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund.  Defendants shall have no responsibility to make any filings relating to the Settlement Fund and shall have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the settlement is not consummated and the Settlement Fund is returned to Defendants.  Other than as specifically set forth herein, Defendants shall have no responsibility for the payment of taxes or tax expenses.

26.     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Administrator" of the Escrow Account shall be the Claims Administrator, who shall timely and properly file or cause to be filed on a timely basis, all tax returns necessary or advisable with respect to the Escrow Account (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)).

27.     The parties to this Settlement Agreement and their counsel shall treat, and shall cause the Claims Administrator to treat, the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The parties, their counsel, the Claims Administrator, and the Escrow Agent agree that they will not ask the Court to take any action inconsistent with the treatment of the Escrow Account in such manner. In addition, the Claims Administrator and, as required, the parties shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Claims Administrator timely and properly to prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. Interest earned by the Settlement Fund (less any tax imposed upon such interest) shall be for the benefit of the Settlement Class, less reasonable attorneys' fees and expenses approved by the Court (and any interest awarded thereon), any Court-approved

award to Plaintiff and payment of any and all administrative expenses associated with the Class Action or the Settlement.

**Miscellaneous**

28. This Settlement Agreement does not settle or compromise any claim other than the Released Claims against the Releasees.

29. Plaintiff expressly warrants that, in entering into the Settlement, it has relied solely upon its own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by Defendants not expressly contained in this Agreement and the Supplemental Agreement.

30. The agreed-upon procedures and requirements regarding Settlement Class members' rights and options, including filing objections in connection with and/or appearing at the final approval hearing, are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class members' objections to the Settlement Agreement, in accordance with such Settlement Class member's due process rights. The parties will request that the Order of Preliminary Approval will further provide that objectors that fail to properly or timely file their objections, along with the required information and documentation set forth above, or to serve them as provided above, shall not be heard during the final approval hearing, nor shall their objections be considered by the Court.

31. This Settlement Agreement constitutes the entire completed and integrated agreement among Plaintiff and Defendants pertaining to the settlement of the Class Action against Defendants only. This Settlement Agreement may be modified or amended only by a writing executed by Class Counsel and Defendants.

21

32.     In the event any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or unenforceability shall not affect any other provision if Defendants' counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement Agreement.

33.     All terms of this Agreement shall be governed and interpreted according to the substantive laws of the State of South Carolina without regard to its choice of law or conflict of laws principles.

34.     The Court retains exclusive jurisdiction over all matters relating to the implementation of the Settlement Agreement.

35.     This Settlement Agreement may be executed in counterparts by Plaintiff and Defendants, and a facsimile or PDF signature shall be deemed an original signature for purposes of executing this Settlement Agreement and so executed shall constitute one agreement.

36.     Defendants shall notify federal and state officials of this settlement as specified in 28 U.S.C. §§ 1715(a) and (b).

37.     Each of the undersigned attorneys represents that he is fully authorized to conduct settlement negotiations and to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.

38.     Any notice or other communication required or permitted to be delivered to any party under this Agreement shall be in writing and shall be deemed properly delivered, given and received when delivered by two means of delivery (either by hand, by registered

mail, by courier or express delivery service, by electronic mail, or by facsimile) to the

address, electronic mail address, or facsimile telephone number set forth beneath the name

of such party below (or to such other address, electronic mail address, facsimile number or

telephone number as such party shall have specified in a written notice given to the other

parties:

If to Settling Defendants:

|  |  |
|---|---|
| Name: | Mark W. Merritt |
| Address: | Robinson Bradshaw & Hinson, P.A<br>101 North Tryon Street, Suite 1900<br>Charlotte, NC 28246<br>Telephone: (704) 377-8337<br>Facsimile: (704) 373-3937<br>Email: mmerritt@rbh.com |
| Name: | Michael M. Briley |
| Address: | Shumaker Loop & Kendrick<br>1000 Jackson Street<br>Toledo, Ohio 43604-5573<br>Telephone: (419) 321-1325<br>Facsimile: (419) 241-6894<br>Email: mbriley@shumacher.com |

If to Class Counsel:

|  |  |
|---|---|
| Name | Solomon B. Cera |
| Address: | Cera LLP<br>595 Montgomery Street, Suite 2300<br>San Francisco, CA 94105<br>Telephone: (415) 777-2230<br>Facsimile: (415) 777-5189<br>Email: scera@cerallp.com |
| Name: | Brent W. Johnson |
| Address: | Cohen Milstein Sellers & Toll, PLLC<br>1100 New York Avenue, N.W.<br>Suite 500, East Tower<br>Washington, DC 20005<br>Telephone: (202) 408-4600 |

Telephone: (202) 408-4699
Email: bjohnson@cohenmilstein.com

**IN WITNESS WHEREOF**, the parties hereto, through their fully authorized

representatives, have agreed to this Settlement Agreement as of the date first herein written

above.

By: _____          By: _____

Solomon B. Cera                       Mark W. Merritt
**Cera LLP**                          **Robinson Bradshaw & Hinson, P.A.**
595 Market Street, Suite 2300         101 North Tryon Street, Suite 1900
San Francisco, CA 94105               Charlotte, NC 28246

Brent W. Johnson                      *Attorneys for Defendants Oltrin Solutions, LLC*
**Cohen Milstein Sellers & Toll, PLLC**   *and Trinity Manufacturing, Inc.*
1100 New York Avenue, N.W.
Suite 500, East Tower
Washington, DC 20005
                                      By: _____

*Attorneys for Plaintiff*             Michael M. Briley
*Grand Strand Water & Sewer Authority*   **Shumaker Loop & Kendrick**
                                      1000 Jackson Street
                                      Toledo, Ohio 43604-5573

                                      C. Phillip Campbell, Jr.
                                      **Shumaker Loop & Kendrick**
                                      101 E. Kennedy Blvd., Suite 2800
                                      Tampa, FL 33602

                                      Mark W. Buyck, Jr.
                                      **Willcox, Buyck & Williams, P.A.**
                                      Post Office Box 1909
                                      Florence, SC 29503

                                      *Attorneys for Defendant*
                                      *JCI Jones Chemicals, Inc.*

24

Telephone: (202) 408-4699
Email: bjohnson@cohenmilstein.com

**IN WITNESS WHEREOF**, the parties hereto, through their fully authorized

representatives, have agreed to this Settlement Agreement as of the date first herein written

above.

By: _____          By: _____

Solomon B. Cera                       Mark W. Merritt
**Cera LLP**                          **Robinson Bradshaw & Hinson, P.A.**
595 Market Street, Suite 2300         101 North Tryon Street, Suite 1900
San Francisco, CA 94105               Charlotte, NC 28246

Brent W. Johnson                      *Attorneys for Defendants Oltrin Solutions, LLC*
**Cohen Milstein Sellers & Toll, PLLC**   *and Trinity Manufacturing, Inc.*
1100 New York Avenue, N.W.
Suite 500, East Tower
Washington, DC 20005
                                      By: _____

*Attorneys for Plaintiff*
*Grand Strand Water & Sewer Authority*   Michael M. Briley
                                      **Shumaker Loop & Kendrick**
                                      1000 Jackson Street
                                      Toledo, Ohio 43604-5573


                                      C. Phillip Campbell, Jr.
                                      **Shumaker Loop & Kendrick**
                                      101 E. Kennedy Blvd., Suite 2800
                                      Tampa, FL 33602

                                      Mark W. Buyck, Jr.
                                      **Willcox, Buyck & Williams, P.A.**
                                      Post Office Box 1909
                                      Florence, SC 29503

                                      *Attorneys for Defendant*
                                      *JCI Jones Chemicals, Inc.*

24

Telephone: (202) 408-4699
Email: bjohnson@cohenmilstein.com

**IN WITNESS WHEREOF**, the parties hereto, through their fully authorized

representatives, have agreed to this Settlement Agreement as of the date first herein written

above.

By: _____

Solomon B. Cera
**Cera LLP**
595 Market Street, Suite 2300
San Francisco, CA 94105

Brent W. Johnson
**Cohen Milstein Sellers & Toll, PLLC**
1100 New York Avenue, N.W.
Suite 500, East Tower
Washington, DC 20005

*Attorneys for Plaintiff*
*Grand Strand Water & Sewer Authority*

By: _____

Mark W. Merritt
**Robinson Bradshaw & Hinson, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, NC 28246

*Attorneys for Defendants Oltrin Solutions, LLC*
*and Trinity Manufacturing, Inc.*

By: _____

Michael M. Briley
**Shumaker Loop & Kendrick**
1000 Jackson Street
Toledo, Ohio 43604-5573

C. Phillip Campbell, Jr.
**Shumaker Loop & Kendrick**
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602

Mark W. Buyck, Jr.
**Willcox, Buyck & Williams, P.A.**
Post Office Box 1909
Florence, SC 29503

*Attorneys for Defendant*
*JCI Jones Chemicals, Inc.*

24

# EXHIBIT A

**Bulk Bleach Direct Purchasers Who Have Previously Settled With Defendants**

1.  Acme Southern Inc.
2.  Blue Ridge Paper Products, Inc. (d/b/a Evergreen Packaging)
3.  Brenntag Mid-South, Inc.
4.  Caribbean Pool Service
5.  Carolina Hosiery, Inc.
6.  Catawba River Water Authority
7.  Chemicals & Solvents, Inc. (Chemsolv)
8.  Industrial Solutions & Supply, Inc.
9.  James Austin Company
10. Polytec Inc.
11. PVS Chemicals, Inc.
12. Sunco Pool Company
13. Surry Chemicals, Inc.
14. Water Guard Inc.
15. Whitaker Chemicals
16. Zee Company