# EXHIBIT B

# A class action settlement with Oltrin Solutions, Trinity Manufacturing and JCI Jones will provide payments to distributors and other entities who purchased Bulk Bleach directly from Oltrin Solutions in North Carolina and South Carolina.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- "Bulk Bleach" means sodium hypochlorite in concentrations of no less than 10%.
- This settlement is with Oltrin Solutions, LLC ("Oltrin"), Trinity Manufacturing, Inc. ("Trinity"), and JCI Jones Chemicals, Inc. (JCI Jones) (collectively, the "Defendants"). A $2.2 million settlement fund will be established to make payments to persons who purchased Bulk Bleach in North Carolina and South Carolina directly from Defendants between March 19, 2010 and March 31, 2013 and who have not previously entered into a settlement releasing their claims
- If you received this notice in the mail, Oltrin and JCI Jones' records indicate that you purchased Bulk Bleach directly from Oltrin or JCI between March 19, 2010 and March 31, 2013 and you may be eligible to receive a payment from the settlement.
- Your legal rights are affected whether you act, or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to receive a cash payment. |
| EXCLUDE YOURSELF | Get no benefits from the settlement. This is the only option that allows you to start or remain part of any other lawsuit against Oltrin, Trinity or JCI Jones about the legal claims in this case. |
| OBJECT | Write to the Court explaining why you object to the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment from the settlement. Give up your rights to sue Oltrin, Trinity or JCI Jones about the legal claims in this case. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who qualify. Please be patient.
- The Court has not ruled on any of the claims or defenses of the parties. This Notice is not to be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by Plaintiff or the Defendants.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ............................................................................................................. PAGE 3
    1. Why is this Notice being provided?
    2. What is this lawsuit about?
    3. What is Bulk Bleach?
    4. Why is this a class action?
    5. Why is there a settlement?

WHO IS IN THE SETTLEMENT ............................................................................................... PAGE 4
    6. How do I know if I am part of the settlement?
    7. Are there exceptions to being included?
    8. What if I am not sure whether I am included in the settlement?

THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY ........................................ PAGE 4
    9. What does the settlement provide?
    10. How will payments be calculated?

HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM ..................................................... PAGE 5
    11. How can I get a payment?
    12. When will I get my payment?
    13. What am I giving up to get a payment?

EXCLUDING YOURSELF FROM THE SETTLEMENT .............................................................. PAGES 6-7
    14. If I exclude myself, can I get anything from this settlement?
    15. If I do not exclude myself, can I sue later?
    16. How do I get out of the settlement?

OBJECTING TO THE SETTLEMENT ...................................................................................... PAGES 7-8
    17. How do I tell the Court if I want to object to the settlement?
    18. What is the difference between objecting and asking to be excluded?

THE LAWYERS REPRESENTING YOU .................................................................................. PAGE 8
    19. Do I have a lawyer in the case?
    20. How will the lawyers be paid?

THE COURT'S FAIRNESS HEARING ..................................................................................... PAGES 8-9
    21. When and where will the Court consider whether to approve the settlement?
    22. Do I have to come to the hearing?
    23. May I speak at the hearing?

IF YOU DO NOTHING ............................................................................................................ PAGE 9
    24. What happens if I do nothing at all?

GETTING MORE INFORMATION .......................................................................................... PAGE 9
    25. How do I get more information?

## BASIC INFORMATION

### 1. Why is this Notice being provided?

A Court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to approve the settlement. This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who may be eligible for those benefits, and how to get them.

Judge Richard M. Gergel of the United States District Court for the District of South Carolina Florence Division is overseeing this class action. The case is known as *Grand Strand Water & Sewer Authority v. Oltrin Solutions, LLC; et al.*, Case No. 4:14-CV-2800-RMG.

Grand Strand Water & Sewer Authority, on behalf of itself and all others similarly situated, is called Plaintiff. Oltrin Solutions, LLC; JCI Jones Chemicals, Inc.; and Trinity Manufacturing, Inc. are called Defendants.

This Notice summarizes the settlement. To request a copy of the complete Settlement Agreement, please send an email to classact@gilardi.com, call (415) 458-2746, or write to: Grand Strand Water & Sewer Authority v. Oltrin Solutions, LLC, et al., Administrator, P.O. Box 990, San Rafael, CA 94976-0990.

### 2. What is this lawsuit about?

Plaintiff alleges that Defendants participated in an unlawful conspiracy to allocate markets for Bulk Bleach in North Carolina and South Carolina from March 19, 2010 through March 31, 2013 in violation of the federal antitrust laws. Plaintiff alleges that, as a result of that conduct, purchasers, including distributors, paid more for Bulk Bleach than they would have otherwise paid. Defendants deny all of Plaintiff's allegations in their entirety and admit no liability as a result of this settlement.

### 3. What is Bulk Bleach?

Bulk Bleach is sodium hypochlorite sold in concentrations of no less than 10%.

### 4. Why is this a class action?

In a class action, a Class Representative (in this case, Grand Strand Water & Sewer Authority) sues on behalf of businesses and people who have similar claims. If approved by a court, all of these businesses and people become part of a "class" or "class members." One court resolves the issues for all class members, except for those who exclude themselves from the class.

### 5. Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendants. Instead, both sides agreed to settle this case to avoid the burden, cost and risk of further litigation. The settlement does not mean that any law was broken or that Defendants did anything wrong. By settling, Defendants are not admitting any wrongdoing or liability. Defendants continue to deny all legal claims in this case. The Class Representative and its lawyers think the settlement is in the best interest of all Settlement Class Members given the facts and circumstances of the case.

## WHO IS IN THE SETTLEMENT

To see if you will be affected by this settlement or if you are eligible to get money from it, you first have to determine if you are a Settlement Class Member.

### 6. How do I know if I am part of the settlement?

If you received this notice in the mail, you have been identified as a potential Settlement Class Member. The Court decided that the Settlement Class includes all persons and entities in North Carolina and South Carolina who purchased Bulk Bleach directly from any Defendant, at any time from March 19, 2010 and March 31, 2013, and who has not previously entered into a settlement releasing their claims under federal antitrust law against Defendants based on the conduct alleged in the Class Action.

### 7. Are there exceptions to being included?

Yes. Individuals, businesses, or other entities who timely request to be excluded from the Settlement Class (see "Excluding Yourself from the Settlement", below), and those who have previously entered into a settlement releasing their claims under federal antitrust law against Defendants based on the conduct alleged in the Class Action are not included in the Settlement Class. Also excluded are defendants, their parent companies, subsidiaries and affiliates, and any alleged co-conspirators, federal governmental entities and instrumentalities of the federal government.

### 8. What if I am not sure whether I am included in the settlement?

If you are not sure whether you are included in the settlement, you may send an email to classact@gilardi.com, call (415) 458-2746 or write to: Grand Strand Water & Sewer Authority v. Oltrin Solutions, LLC, et al., Administrator, P.O. Box 990, San Rafael, CA 94976-0990.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 9. What does the settlement provide?

A $2.2 million Settlement Fund will be established to make payments to purchasers of Bulk Bleach in North Carolina and South Carolina directly from Defendants between March 19, 2010 and March 31, 2013. The Settlement Fund will also be used to pay Court-approved fees, costs and expenses including attorney fees, costs and expenses (see "How will the lawyers be paid?" below) along with notice, administration and distribution costs. After the payment of Court-approved fees, costs and expenses, remaining funds will be paid to Settlement Class Members who submitted valid Claim Forms.

### 10. How will payments be calculated?

Each Settlement Class Member who submits a valid Claim Form will receive a payment, calculated *pro rata*, based on the total dollar amount of its direct purchases of Bulk Bleach in North Carolina and South Carolina from Defendants for the period March 19, 2010 through March 31, 2013. Because the alleged overcharge is only a portion of the price paid for Bulk Bleach, you should be aware that your settlement payment will be less than the total amount you paid.

If the total amount needed to pay valid claims exceeds funds available in the Settlement Fund, each Settlement Class Member's payment will be reduced and paid in proportion to all Settlement Class Members' payments.

The Court retains the power to approve or reject, in full or partially, any individual claim of a Settlement Class Member.

## How to Get Benefits—Submitting a Claim Form

### 11. How can I get a payment?

To ask for a payment you must submit a Claim Form. If you received this Notice in the mail, a Claim Form is included in the packet. You can also get a Claim Form by calling (415) 458-2746.

After carefully reading the Claim Form instructions, fill out the Claim Form, attach any required documentation, and mail it postmarked no later than **Month DD, 2016** to:

> *Grand Strand Water & Sewer Authority v. Oltrin Solutions, LLC, et al.*, Administrator
> P.O. Box 990
> San Rafael, CA 94976-0990

If you have questions about how to file a claim, call or send an email to classact@gilardi.com.

### 12. When will I get my payment?

Payments will be mailed to Settlement Class Members who submitted valid Claim Forms after the Court grants "final approval" to the settlement and after any appeals are resolved (*see* "The Court's Fairness Hearing," below). It is uncertain when any appeals made will be resolved, and resolving them can take time. Please be patient.

### 13. What am I giving up to get a payment?

If the settlement becomes final, Settlement Class Members who submit a Claim Form or do nothing at all will be releasing the Defendants and other "Released Parties" (together, "Releasees") from all of the "Released Claims" identified in the Settlement Agreement. This means you will no longer be able to sue any Defendant regarding any of the "Released Claims" described in the Settlement Agreement in this or any other lawsuit. This Release is as follows:

> In addition to the effect of the Final Judgment entered in accordance with this Settlement Agreement, upon the occurrence of the Effective Date and in consideration of payment of the Settlement Amount specified in Paragraph 12 of this Settlement Agreement, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to any conduct by Releasees alleged in the Class Action, including the claims that were or could have been asserted in the Class Action, including any claims related to the March 2010 Oltrin-JCI agreement and any antitrust or unfair competition claim related to sales or distribution of Bulk Bleach generally, during the Class Period, and any joint and several liability arising from the conduct of any of the Defendants in the Class Action prior to the Effective Date, arising under or relating to any federal or state antitrust laws, unfair competition, unfair practices or trade practice laws, civil conspiracy, or common law or statutory fraud claims concerning the purchase, pricing, selling, discounting, marketing, manufacturing and/or distributing of Bulk Bleach in North Carolina and South Carolina (the "Released Claims"). The Released Claims also include, but are not limited to, all claims asserted or which could have been asserted in the Class Action relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in the Class Action. However, nothing herein shall be construed to release any claim relative to any product defect, breach of warranty, breach of contract, claims under the Uniform Commercial Code or product performance

claims between Settlement Class Members and Defendants relating to Bulk Bleach or any claim for personal or bodily injury. The Releasors agree that they shall not, after the Effective Date of this Settlement Agreement, assert any claim or commence or prosecute any proceeding seeking to recover against any of the Releasees for any of the Released Claims. Releasors and Class Counsel acknowledge that they and Defendants each consider it to be a material term of this Settlement Agreement that all Releasors will be bound by the provisions of this paragraph. Upon the Effective Date, Releasees waive and relinquish as against Releasors any rights pursuant to arbitration agreements, forum selection clauses, and/or jury waiver clauses with respect to the claims released pursuant to this paragraph. Claimants on the Settlement Fund shall execute a release of the Releasees as provided for in this paragraph as a condition precedent to receipt of any part of the Settlement Fund, but the failure of any Claimant to execute such a release shall not in any way affect the validity of the release provided in this paragraph, and they shall nonetheless be bound by the terms of such release. Further, the failure of any Releasor to make a claim on the Settlement Fund shall not affect the validity and effectiveness of the release provided in this paragraph as to that Releasor.

Plaintiff waives California Civil Code Section 1542 and similar provisions in other states. Plaintiff certifies that it is aware of the following provisions of California Civil Code Section 1542 ("Section 1542"):

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settlement Agreement is available upon request by sending an email to classact@gilardi.com, calling (415) 458-2746 or writing to: Grand Strand Water & Sewer Authority v. Oltrin Solutions, LLC, et al., Administrator, P.O. Box 990, San Rafael, CA 94976-0990. The Settlement Agreement describes the releases with specific descriptions in necessary and accurate legal terminology, so read it carefully. You can talk to the lawyers representing the Settlement Class (see "The Lawyers Representing You", below) for free or you can, at your own expense, talk to your own lawyer if you have questions about the Released Claims or what they mean.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this settlement and you want to keep the right to sue the Defendants about the legal issues in this case, then you must take steps to get out of the settlement. This is called asking to be excluded from—or sometimes called "opting out" of—the Settlement Class.

### 14. If I exclude myself, can I get anything from this settlement?

No. If you exclude yourself, you may not apply for any benefits under the settlement and you cannot object to the proposed settlement. However, if you ask to be excluded, you may sue, continue a lawsuit that you previously filed, or be part of a different lawsuit against the Defendants in the future.

### 15. If I do not exclude myself, can I sue later?

No. Unless you exclude yourself, you give up the right to sue the Defendants for all of the claims that this proposed settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit, continue with a lawsuit that you previously filed, or be part of any other lawsuit against the Defendants relating to the "Released Claims" described above.

### 16. How do I get out of the settlement?

To exclude yourself from the proposed settlement with the Defendants, you must send a letter by mail clearly stating that you want to be excluded from the settlement in *Grand Strand Water & Sewer Authority v. Oltrin Solutions, LLC, et al.*, Case No. 4:14-CV-2800-RMG. Include your name, your business name, address, telephone number, signature, and date. If applicable, your letter must also describe the position that authorizes you to request exclusion on behalf of your company.

In your letter, describe your purchases of Bulk Bleach directly from the Defendants between March 19, 2010 and March 31, 2013. For each eligible purchase, identify (a) purchase date, (b) product name, (c) quantity, (d) unit price, and (e) total amount paid.

You must mail your request for exclusion postmarked by **Month DD, 2016** to:

> *Grand Strand Water & Sewer Authority v. Oltrin Solutions, LLC, et al.*, Administrator
> P.O. Box 990
> San Rafael, CA 94976-0990

You cannot ask to be excluded on the phone or by email.

## OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court if I want to object to the settlement?

You can object to the settlement if you do not believe it is fair in whole or in part. You must give reasons why you think the Court should not approve the settlement. To object, send a letter to the five addresses below, saying that you object to the proposed settlement in *Grand Strand Water & Sewer Authority v. Oltrin Solutions, LLC, et al.*, Case No. 4:14-CV-2800-RMG. Be sure to include any papers or briefs that support your objections.

You must mail your objection to these five addresses postmarked no later than **Month DD, 2016**:

| U.S. DISTRICT COURT | COUNSEL FOR PLAINTIFF |
|---|---|
| United States District Court<br>For the District of South Carolina<br>Clerk of the Court<br>Charleston Federal Courthouse,<br>85 Broad Street,<br>Charleston, SC 29401 | CERA LLP<br>Solomon B. Cera<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105<br><br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>Brent W. Johnson<br>1100 New York Ave, NW<br>Suite 500 West<br>Washington, DC 20005 |
| COUNSEL FOR OLTRIN SOLUTIONS AND TRINITY | COUNSEL FOR JCI JONES |
| ROBINSON BRADSHAW & HINSON, P.A.<br>Mark W. Merritt<br>101 North Tryon Street, Suite 1900<br>Charlotte, NC 28246 | SHUMAKER LOOP & KENDRICK<br>Michael M. Briley<br>1000 Jackson Street<br>Toledo, Ohio 43604 |

### 18. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you cannot object to the settlement because the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 19. Do I have a lawyer in the case?

The Settlement Class is represented by the law firms of Cera LLP (www.cerallp.com), Cohen Milstein Sellers & Toll PLLC (www.cohenmilstein.com) (collectively, these law firms are called "Class Counsel") together with the McNair Law Firm, P.A. (www.mcnair.net). You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### 20. How will the lawyers be paid?

Plaintiff's Counsel will ask the Court for attorney fees of one-third of the Settlement Fund ($733,333.33) along with payment of costs and expenses not to exceed $60,000 and claims administration costs and expenses not to exceed $25,000. Plaintiff's Counsel's applications for attorney fees, costs and expenses will be filed with the Court by Month DD, 2016 and will be on the Court's website.

Plaintiff's Counsel will also request an incentive payment of $25,000 to the Class Representative for its services on behalf of the Settlement Class.

The Court may award less than these amounts. Payments approved by the Court will be made from the Settlement Fund.

## THE COURT'S FAIRNESS HEARING

### 21. When and where will the Court consider whether to approve the settlement?

The Court will hold a Fairness Hearing at HH:MM a.m./p.m., on **Month DD, 2016**, at the Charleston Federal Courthouse, 85 Broad Street, Charleston, South Carolina 29401. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court may also consider Plaintiff's Counsel's request for attorney fees, costs and expenses, and the incentive award. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the proposed settlement and how much to award to Plaintiff's Counsel as fees, costs and expenses and to the Class Representative as an incentive award.

A motion for final approval of the settlement will be filed by Plaintiff's Counsel by **Month DD, 2016**. The motion will be provided to class members upon request.

The Fairness Hearing may be moved to a different date or time without additional notice, so it is recommended that you periodically call (415) 458-2746 or send an email to classact@gilardi.com for updated information.

### 22. Do I have to come to the hearing?

No. Plaintiff's Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You also may pay your own lawyer to attend the Fairness Hearing, but their attendance is not necessary.

### 23. May I speak at the hearing?

To speak at the Fairness Hearing, you must send a "Notice of Intention to Appear" in *Grand Strand Water & Sewer Authority v. Oltrin Solutions, LLC, et al.*, Case No. 4:14-CV-2800-RMG. Be sure to include a Summary Statement outlining what you intend to say at the Fairness Hearing and any papers or briefs that support your position. Send your Notice of Intention to Appear and Summary Statement postmarked no later than **Month DD, 2016**, to all five addresses listed in Question 17.

If you choose to appear in person at the Fairness Hearing, you can appear yourself or by retaining an attorney at your own expense to appear on your behalf. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member.

You cannot speak at the hearing if you exclude yourself from the settlement.

## IF YOU DO NOTHING

### 24. What happens if I do nothing at all?

If you are a Settlement Class Member and do nothing you will not get a payment from this settlement. And, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants relating to the "Released Claims" described in Paragraphs 9 and 10 of the Settlement Agreement, ever again.

## GETTING MORE INFORMATION

### 25. How do I get more information?

This Notice summarizes the proposed settlement. If you still have questions, call the Settlement Administrator at (415) 458-2746 or send an email to classact@gilardi.com.

You may also contact the law firms listed in the section "The Lawyers Representing You."

Please do not contact Defendants, the Court or the Clerk's office.

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, it is important to send your correct address to:

> *Grand Strand Water & Sewer Authority v. Oltrin Solutions, LLC, et al.*, Administrator
> P.O. Box 990
> San Rafael, CA 94976-0990