UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GRAND STRAND WATER & SEWER AUTHORITY, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>OLTRIN SOLUTIONS, LLC, JCI JONES CHEMICALS, INC., and TRINITY MANUFACTURING, INC.,<br><br>    Defendants. | Case No. 4:14-CV-2800-RMG |

**ORDER PRELIMINARILY APPROVING THE SETTLEMENT, CERTIFYING THE SETTLEMENT CLASS, AND AUTHORIZING DISSEMINATION OF NOTICE**

  Plaintiff has moved this Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for preliminary approval of a Settlement of this class action lawsuit, certification of the settlement class, and authorization of dissemination of notice. The Court has reviewed the papers filed in connection with the motion and considered all supporting evidence in the record, and has reviewed the Settlement Agreement entered into between Plaintiff Grand Strand Water & Sewer Authority, on behalf of itself and the Settlement Class Members defined in the Settlement Agreement (collectively, "Plaintiffs"); Oltrin Solutions, LLC, JCI Jones Chemicals, Inc., and Trinity Manufacturing Inc. (collectively, "Settling Defendants").

  This Preliminary Approval Order incorporates by reference the definitions in the proposed Settlement. All capitalized terms used in this order that are defined in the Settlement shall have the same meanings as set forth in the Settlement.

**NOW, THEREFORE**, the Court having read and considered the Settlement, the documents filed in connection with the motion and supporting evidence, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. <u>Preliminary Settlement Approval</u>

The Settlement satisfies the Rule 23 criteria for preliminary approval:

(a)     The Settlement is sufficiently fair, adequate and reasonable to justify notice to those affected, along with an opportunity to be heard, pursuant to Federal Rule of Civil Procedure 23(e);

(b)     The Settlement substantially fulfills the purposes and objectives of this Action, and provides benefits to Class Members, without the costs, risks, and delays of further litigation at the trial and appellate levels, and does not require a finding of admission or liability by Defendants;

(c)     The proposed Notice Plan submitted by the Parties provides individual notice to all known Class Members and all Class Members who can be identified through reasonable efforts and constitutes the best notice practicable under the circumstances of this Action;

(d)     The settlement negotiations culminating in the Settlement occurred at arm's length, there was sufficient investigation and discovery, and counsel for Plaintiffs are experienced in similar litigation. Counsel for all Parties believe this is a fair, reasonable, and adequate resolution of this litigation;

(e)     The Settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of the class representative plaintiff or of

segments of the class, or excessive compensation for Class Counsel, and appears to fall within the range of possible approval.

Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, Certification of Settlement Class, and Authorization to Disseminate Notice is hereby **GRANTED**. The Settlement shall be submitted to Class Members for their consideration and for a final Fairness Hearing pursuant to Rule 23(e), as provided below.

2.  Settlement Class Definition

The settlement class is defined as follows (excluding the Persons who return a request for exclusion prior to the expiration of the opt-out period):

> All persons that purchased Bulk Bleach in North Carolina and South Carolina directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures, from March 19, 2010 through March 31, 2013.
>
> Excluded from the Settlement Class are Defendants and any direct purchaser of Bulk Bleach in North Carolina and South Carolina between March 19, 2010 and March 31, 2013 who has previously entered into a settlement releasing their claims under federal antitrust law against Defendants based on conduct alleged in the Class Action.

3.  For purposes of the settlement only (and without addressing the merits of Plaintiffs' claims or the Settling Defendants' defenses), the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law have been met insofar as:

> (a) The Settlement Class Members are ascertainable from the reasonably accessible records available to Plaintiffs' Counsel and the Settling Defendants, and said Settlement Class Members are so numerous that their joinder before the Court would be impracticable. The Court therefore finds preliminarily that the numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied for settlement purposes only.
>
> (b) Plaintiffs have alleged one or more questions of fact and law common to the Settlement Class, including whether the Settling Defendants violated federal statutes by allegedly engaging in efforts to raise, maintain, or stabilize prices above competitive levels with respect to Bulk Bleach.

        Accordingly, based upon these allegations, the Court finds preliminarily that the commonality requirement of Fed. R. Civ. P. 23(a)(2) is satisfied for settlement purposes only.

    (c)    Plaintiffs have alleged that the Defendants engaged in uniform misconduct affecting Settlement Class Members. Based upon these allegations, the Court finds preliminarily that the claims of the Plaintiff are typical of the claims of the Settlement Class Members, and that Plaintiff, along with Plaintiff's Counsel, will fairly and adequately protect the interests of the Settlement Class Members. Accordingly, the Court finds preliminarily that the typicality and adequacy requirements of Fed. R. Civ. P. 23(a)(3) and (4) are satisfied for settlement purposes only.

    (d)    The Court finds preliminarily that, for settlement purposes only, questions of law or fact common to the Settlement Class Members predominate over questions which individually affect such Settlement Class Members and that a class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of the Action. Accordingly, the Court finds preliminarily that the requirements of Fed. R. Civ. P. 23(b)(3) are satisfied for settlement purposes only.

    (e)    The Court does not address or make findings herein as to whether a plaintiff class may be certified in the Action for any purpose other than for purposes of this settlement.

4.    Based on the findings set forth in Paragraph 3 above, the Court certifies the Settlement Class under Fed. R. Civ. P. 23(b)(3).

5.    The exclusive issue that is subject to class-wide treatment pursuant to this Order is whether the terms of the Settlement Agreement are fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e) and governing law construing that Rule. In making this determination, the Court has also considered whether proper notice of the settlement will be given to Settlement Class Members under Fed. R. Civ. P. 23(c)(2)(B) and 23(e) such that the settlement's terms will be binding if the Court grants final approval of the Settlement Agreement after holding the hearing described in Paragraphs 7 and 8 below (the "Fairness Hearing").

6.    <u>Notice</u>

The Court approves, as to form and content, the Notice and Claim Form and approves it for mailing to Class Members. The Court finds that this form of notice provides Class Members with all of the information necessary to make an informed decision regarding the fairness of the Settlement.

The Court finds that the proposal for mailing of the Notice by postage prepaid, first class mail, and email notification where practicable meets the requirements of Rule 23 and due process, and shall constitute due and sufficient notice to all persons entitled thereto. Such notice is the best practicable notice under the circumstances of this case, it complies with due process, and it provides sufficient notice to bind all Class Members.

(a)     No later than ten (10) business days after entry of the order preliminarily approving the settlement, Notice to the Settlement Class Members, substantially in the form attached hereto as Exhibit B, shall be sent by the Settlement Administrator via first-class U.S. mail, postage prepaid, and by email where practicable, to each and all Settlement Class Members at their last known address as reflected in the Defendants' business records;

(b)     The Parties shall make a filing describing their compliance with the requirements for disseminating Notice prior to the Fairness Hearing.

7.     Standing to Object

(a)     Any of the Settlement Class Members desiring to be excluded from the Settlement Class must deliver via First Class United States Mail a written request for exclusion to the Claims Administrator at the address set forth in the Notice, postmarked by a date certain to be specified in the Notice, which will be no later than fifteen (15) calendar days before the Final Approval Hearing.

(b) To be effective, requests for exclusion must state: the Settlement Class Member's full legal name and address; that the Settlement Class Member purchased Bulk Bleach directly from one or more of the Defendants during the Class Period in North Carolina and South Carolina, and a statement that the Settlement Class Member (1) wants to be excluded from the Action and the class action settlement with Defendants, and (2) understands that by so doing, the Settlement Class Member will not be able to get any money or benefits from the settlement with Defendants in this case. All requests for exclusion must be signed and dated by the Settlement Class Member or its officer or legal representative.

(c) All Settlement Class Members that do not file a timely written request for exclusion as provided in this paragraph shall be bound by all of the terms of the Settlement Agreement, including the release defined in Paragraphs 9 through 11 of the Settlement Agreement (the "Release"), and by all proceedings, Orders and Judgments in this Action, even if any of the Settlement Class Members has pending, or subsequently initiates, litigation, arbitration, or any other Action against any or all of the Settling Defendants or the Releasees defined in Paragraph (s) in the "Definitions" section of the Settlement Agreement ("Releasees") relating to the claims and matters released pursuant to the Settlement Agreement.

8. As shall be provided in the Notice, Settlement Class Members shall have the right to object to the settlement, the proposed plan of allocation and distribution, the petition for an award of attorneys' fees and/or litigation expenses and the petition for the incentive award to Plaintiff, by filing written objections with the Court no later than fifteen (15) calendar days before the Final Approval Hearing, copies of which shall be served on all counsel for the parties and the Court, at the respective addresses provided in the Notice. Failure to timely file and serve

written objections will preclude a Settlement Class Member from objecting at the Fairness Hearing.

(a) Any Settlement Class Member filing an objection (the "Objection") shall provide in that objection evidence of the Objector's membership in the Settlement Class and shall state the specific reason(s), if any, for each such objection, including any legal support the Objector wishes to bring to the Court's attention and any evidence that the Objector wishes to introduce in support of such objection.

(b) Any Objector may file an objection on its own or through an attorney hired at its own expense. If an Objector hires an attorney to represent it in connection with filing an objection to the settlement, the attorney must serve on Plaintiffs' Counsel and respective counsel for the Settling Defendants and file with the Court a Notice of Appearance; provided that any such Notice of Appearance must be received by Plaintiff's Counsel, respective counsel for the Defendants and the Court no later than fifteen (15) days before the Fairness Hearing, or as the Court may otherwise direct.

(c) Only an Objector that files and serves written objections pursuant to this paragraph may appear at the Fairness Hearing, either in person or through an attorney hired at the Objector's own expense, to object to the fairness, reasonableness or adequacy of the settlement. If an Objector and/or its attorney intends to appear at the Fairness Hearing, the Objector must serve on Plaintiffs' Counsel and respective Counsel for the Settling Defendants and file with the Court a Notice of Intention to Appear; provided that any such Notice of Intention to Appear must be received by Plaintiffs' Counsel, respective counsel for the Settling Defendants and the Court no later than fifteen (15) days before the Fairness Hearing, or as the Court may otherwise direct.

9. Any Objector that fails to comply with any of the provisions of this paragraph shall waive and forfeit any and all rights that it may otherwise have to appear at the Fairness Hearing and/or to object to the settlement, and shall be bound by all of the terms of the Settlement Agreement and by all proceedings, Orders and Judgments in this Action. The Court will hold the Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Procedure ninety (90) days after notice issues, at the United States District Court for the District of South Carolina, Charleston Federal Courthouse, 85 Broad Street, Charleston, SC 29401.

10. <u>Class Representation, Class Counsel</u>

For the purposes of the Settlement, the Court appoints and approves:

(a) As Settlement Class Representative Plaintiff, Grand Strand Water & Sewer Authority.

(b) As Class Counsel, Solomon B. Cera of Cera LLP, 595 Market Street, Suite 2300, San Francisco, CA 94105-2835, and Brent W. Johnson of Cohen Milstein Sellers & Toll PLLC, 1100 New York Avenue, NW, Suite 500, Washington, DC 20005.

11. <u>Final Approval</u>

The Fairness Hearing will be held for the following purposes:

(a) to determine whether the Settlement Class should be finally certified as a class for settlement purposes only;

(b) to finally determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court pursuant to Rule 23(e) of the Federal Rules of Procedure;

(c) to determine whether Plaintiff and Plaintiff's Counsel have adequately represented the Settlement Class Members for purposes of entering into and implementing the Settlement Agreement;

(d) to determine whether Settlement Class Members, on behalf of themselves, their respective past, present, direct or indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys,

8

          executors, administrators, beneficiaries, predecessors, successors, heirs and assigns should be bound by the Release;

(e)     to determine whether a final judgment should be entered dismissing the claims of the Settlement Class Members against the Defendants with prejudice, as required by the Settlement Agreement;

(f)     to consider the manner in which Plaintiffs' Counsel propose to distribute the Settlement Fund to Settlement Class Members;

(g)     to consider Plaintiff's Counsel's Petition for award of attorneys' fees and/or litigation expenses and Plaintiff's request for an incentive award; and

(h)     to rule upon other such matters as the Court may deem appropriate.

12.    The Final Approval Hearing shall occur ninety sixty (60) to ninety (90) days after Notice issues, on a date consistent with the Court's calendar, on _____, 2016, at _____ a.m. / p.m.

13.    Pursuant to the Settlement Agreement ¶ 3, the Court authorizes Plaintiff's Counsel to engage a Settlement Administrator to assist with the settlement claims process and perform certain ministerial functions with respect to the Settlement Fund.

14.    The Court preliminarily finds that the Escrow Account to be established pursuant to the Settlement is a "qualified settlement fund" under Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder. Pursuant to the Settlement Agreement ¶ 21(a), the Court grants the Escrow Agent authority to pay to the Settlement Administrator out of the Settlement Fund certain itemized expenses incurred by the Settlement Administrator in providing the Notice called for in paragraph 9 of this Order.

15.    All Settlement Class Members, along with their respective past and present parents, members, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants and representatives (and the parents', members' subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants and representatives), and the

predecessors, successors, heirs, executors, administrators, and assigns, will be bound by all proceedings, Orders and Judgments relating to the Settlement Agreement and the settlement, even if such Settlement Class Members have previously initiated or subsequently initiate litigation, arbitration or other proceedings, or have any other claim against any or all of the Released Parties relating to any of the Released Claims.

16. Plaintiffs' Counsel shall serve on all counsel of record in the Action at or before the Fairness Hearing any further documents in support of the settlement, including responses to any papers filed by Settlement Class Members and/or Settlement Class Members' counsel.

17. Plaintiffs' Counsel shall file all briefs, memoranda, petitions and affidavits in support of the petition for an award of attorneys' fees and/or litigation expenses no later than thirty (30) calendar days before the Final Approval Hearing. Any briefs or memoranda in response to objections thereto shall be filed no later than seven (7) calendar days before the Final Approval Hearing. Plaintiffs' Counsel shall file all briefs, memoranda, petitions and affidavits in support of (1) the final approval of the settlement and (2) the proposed plan of allocation and distribution, no later than thirty (30) calendar days before the Final Approval. Any briefs or memoranda in response to objections thereto shall be filed no later than seven (7) calendar days before the Final Approval Hearing.

18. The Court may, for good cause, adjourn the Fairness Hearing or extend any of the deadlines set forth in this Order without further notice to Settlement Class Members.

19. The Court retains exclusive jurisdiction over this action to consider all matters arising out of or connected with the Settlement Agreement.

20. Settlement Class Members must deliver via First Class United States Mail a their Proof of Claim forms to the Claims Administrator at the address set forth in the Notice,

postmarked by a date certain to be specified in the Notice, which will be no later than sixty (60) calendar days after the Notice issues.

21.     Termination of Settlement

(a)     The Court recognizes that the Settlement contains express provisions concerning termination of the Settlement. Nothing in this Order is intended to modify or negate the express terms of the Settlement.

(b)     If at any time the Settlement fails, the parties shall promptly notify the Court. The Court will then decide whether to modify the schedule in order to allow the parties additional time in which to negotiate a new settlement, or set a schedule for further proceedings.

(c)     If the Settlement is disapproved or terminated in accordance with the terms of the Settlement, the Settlement (except those provisions that, by their terms, expressly survive disapproval or termination of the Settlement) shall have no force or effect, and all negotiations, proceedings, and statements made in connection therewith shall be without prejudice to the right of any persons, and the Parties to this Action shall be restored to their respective positions existing prior to execution of the Settlement, preserving all of their respective claims and defenses.

**IT IS SO ORDERED** this _____ day of _____, 2015.

_____
The Honorable Richard M. Gergel
United States District Judge