UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GRAND STRAND WATER & SEWER AUTHORITY, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OLTRIN SOLUTIONS, LLC, JCI JONES CHEMICALS, INC., and TRINITY MANUFACTURING, INC.,<br><br>Defendants. | Case No. 4:14-cv-02800-RMG |

**ORDER GRANTING MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND CLAIMS ADMINISTRATION COSTS AND EXPENSES, AND PAYMENT OF SERVICE AWARD TO THE CLASS REPRESENTATIVE**

The Court has considered Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Claims Administration Costs and Expenses, and for a Service Award to the Class Representative (ECF No. 125), including all materials filed in support thereof (collectively, "Fee Motion"), as well as Plaintiff's Motion for Final Approval of Class Action Settlement; and the Court has held a duly noticed Final Approval Hearing on February 29, 2016, at which the Fee Motion was considered by the Court.

For good cause shown, and after consideration of the applicable factors used to evaluate the fees requested, and having received no objection to the requests for attorneys' fees, reimbursement of expenses, and payment of service award to the Class Representative, IT IS **HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1

1. The Court finds that due and adequate notice was given to the Class of the requests by Class Counsel for an award of attorneys' fees, reimbursement of expenses, payment of costs and expenses to the Claims Administrator, and for a service award to the Class Representative; that the form and content of the notices and the publication, mailing, and distribution thereof satisfy the requirements of both Rule 23(e) of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances; and that no objections to the requests for an award of attorneys' fees, reimbursement of expenses, claims administrator costs and fees, and for the service award were received;

2. Class Counsel is hereby awarded thirty-three and one-third percent (33⅓ %) in reasonable attorneys' fees of the $2.2 million Settlement Fund that has been deposited in the Escrow Account Class. Counsel are authorized to allocate to other Plaintiffs' counsel the fees awarded herein, taking into account their relative contributions to this litigation;

3. Class Counsel shall be paid $50,957.34 from the Settlement Funds as reimbursement for the costs and expenses incurred by Plaintiffs' counsel during the course of this litigation;

4. Class Counsel is authorized to approve and pay all reasonable costs and expenses to Gilardi & Co., LLC, the Court-appointed Claims Administrator, up to $25,000.

5. Class Representative Grand Strand Water & Sewer Authority shall be paid $25,000 from the Settlement Fund as a service award for its contribution to this litigation;

6. After payment to Class Counsel of the award of attorneys' fees and the amount for reimbursement of costs and expenses, and the payment of service awards to the Class Representative, and after the Claims Administrator concludes its processing and auditing of claims, Class Counsel has the authority to distribute the balance of the Settlement Funds in

accordance with the Plan of Allocation to those claimants who submitted valid and timely claims, without further order of the Court;

7.  Without affecting the finality of this Order, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order; and (b) the enforcement of the Settlement Agreement.

**IT IS SO ORDERED** this 2nd day of March, 2016.

> The Honorable Richard M. Gergel
> United States District Judge

3